UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 2:12-cr-20052-6

HONORABLE STEPHEN J. MURPHY, III

v.

D-6 TOBIAS JOHN PROGE,

        Defendant.
                                    /

**ORDER DENYING DEFENDANT'S
<u>EMERGENCY MOTION FOR COMPASSIONATE RELEASE [814]</u>**

In 2014, Defendant Tobias John Proge pleaded guilty to one count of conspiracy to distribute marijuana, five kilograms or more of cocaine, and one kilogram or more of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(i), (b)(1)(A)(ii)(II), (b)(1)(D), and was sentenced to 120 months' imprisonment. ECF 265, 458. On June 25, 2020, Defendant filed an emergency motion for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1), due to the COVID-19 pandemic. ECF 814.

For compassionate release, Defendant must demonstrate that "extraordinary and compelling reasons" exist to warrant a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Section 1B1.13 of the Sentencing Guidelines provides some guidance about what constitutes "extraordinary and compelling reasons." U.S.S.G. § 1B1.13. Those reasons are classified into four categories: (1) Defendant's medical condition; (2) Defendant's age; (3) family circumstances; and (4) additional reasons "other than, or in combination with" reasons in the first three categories. *Id.* at cmt. n.1.

1

Here, Defendant has not demonstrated that extraordinary and compelling reasons exist to warrant his release. Defendant is a 36-year-old man with no relevant underlying health conditions—he argued only that the COVID-19 pandemic increases his stress and anxiety, which in turn lowers his immune system. *See* ECF 814, PgID 12053; ECF 822-1 (under seal). As such, Defendant is not categorized as high risk. *See People Who Are at Increased Risk for Severe Illness*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html.

And even if Defendant's immune system is weakened, that alone is insufficient to warrant early release under the compassionate release standard. As a young man in his mid-30s, Defendant faces a significantly lesser risk from COVID-19 than older adults. *See id*. Compassionate release is proper "only upon a finding of numerous and severe medical conditions that place [Defendant] at a significantly higher risk for severe illness from COVID-19." *United States v. Alzand*, No. 18-cr-20703, 2020 WL 2781824, at *3 (E.D. Mich. May 29, 2020) (collecting cases). Because Defendant does not face a high risk of severe illness from COIVD-19, the Court will deny the motion.

Defendant also seemingly requested that the Court order that he be placed on home confinement for the remainder of his sentence. *See* ECF 814, PgID 12051–52. But following judgment, the specifics relating to how Defendant serves his sentence are out of the Court's jurisdiction and left to the Bureau of Prisons ("BOP"). *See* 18 U.S.C. § 3624(c). And although the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") "lengthen[s] the maximum amount of time for which [the BOP] is

2

authorized to place a prisoner in home confinement" under § 3624(c)(2), it does not alter who has the authority to make that determination. CARES Act § 12003(b)(2) (enacted Mar. 27, 2020). Defendant's request is therefore not properly before the Court and should be directed to the BOP.

The BOP is "increasing the placement of federal prisoners on home confinement" and is "identify[ing] the inmates most at risk from C[OVID]-19 and . . . 'consider[ing] the totality of the circumstances for each individual inmate' in deciding whether home confinement is appropriate.'" ECF 819, PgID 12174–75 (quoting *Memorandum for Director of Bureau Prisons*, March 26, 2020, https://www.bop.gov/ coronavirus/docs/bop_memo_home_confinement.pdf). And as the entity that has seen its inmates' behavior during their confinement firsthand and that is present in the prisons to see how the COVID-19 pandemic is progressing and affecting each facility on a day-to-day basis, the BOP is better situated to make those determinations.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's emergency motion for compassionate release [814] is **DENIED**.

**SO ORDERED.**

                                     s/ Stephen J. Murphy, III
                                     STEPHEN J. MURPHY, III
                                     United States District Judge

Dated: July 22, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 22, 2020, by electronic and/or ordinary mail.

                                     s/ David P. Parker
                                     Case Manager