UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATE OF AMERICA,

        Plaintiff,

v.

TOBIAS JOHN PROGE,

        Defendant.
                               /

Case No. 2:12-cr-20052-06

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER**
**<u>DENYING REQUEST FOR COMPASSIONATE RELEASE [871]</u>**

Defendant Tobias John Proge moved recently for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). ECF 871. Defendant argued that the Court should reduce his sentence because he is concerned about having health complications from COVID-19 due to his obesity and high blood pressure. *Id.* at 12914.

The Government responded that Defendant's COVID-19 fears do not warrant a sentence reduction because he is fully vaccinated against the virus. ECF 874-1, PgID 12958; *see* ECF 871, PgID 12914 (Defendant acknowledged he has received both COVID-19 shots). Because Defendant is fully vaccinated, the Court will deny the compassionate release request.

Under the First Step Act's compassionate release provision, the Court may modify Defendant's sentence only if: (1) he has exhausted all administrative remedies, or (2) thirty days have passed since the warden received Defendant's

1

request for the BOP to bring a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). The exhaustion condition is "mandatory." *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (alteration in original) (quoting § 3582(c)(1)(A)). Because Defendant has exhausted his request for compassionate release, ECF 874, PgID 12948, he must satisfy "three substantive requirements" for the Court to grant compassionate release, *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020).

First, the Court must "find[] that . . . extraordinary and compelling reasons warrant such a reduction." *Id.* at 1003 (quoting § 3582(c)(1)(A)(i)). Second, the Court must "find that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 1005 (quoting § 3582(c)(1)(A) (alterations omitted)); *but see United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021) (explaining that district courts "may now 'skip step two'" because there is no applicable policy statement) (quoting *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020)). And third, the Court must consider the applicable § 3553(a) sentencing factors. *Ruffin*, 978 F.3d at 1005 (quoting § 3582(c)(1)(A)).

For the first requirement, Defendant must show that "extraordinary and compelling reasons" warrant a reduction in sentence. § 3582(c)(1)(A)(i). "[D]istrict courts have discretion to define 'extraordinary and compelling' on their own initiative." *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1111; *Ruffin*, 978 F.3d at 1007).

"Several cases in the Eastern District of Michigan have adopted textual analyses to determine what reasons are 'extraordinary and compelling.'" *United*

*States v. Powell*, No. 2:12-cr-20052-2, 2021 WL 613233, at *2 (E.D. Mich. Feb. 17, 2021) (Murphy, J.) (collecting cases). An "extraordinary and compelling reason" for compassionate release is one that is "beyond what is common, and the forcefulness of the evidence tends to convince the Court to release the inmate." *Id.* (internal quotation marks and quotations omitted). "Put another way, an extraordinary and compelling reason is one that is beyond what is usual, customary, regular, or common, and is so great that irreparable harm or injustice would result if the relief is not granted." *Id.* (cleaned up).

But Defendant's claims about health complications from COVID-19 are not extraordinary and compelling. Defendant is fully vaccinated against the COVID-19 virus because he has received both shots of the Pfizer vaccine. ECF 871, PgID 12914; ECF 874-1, PgID 12958. The Pfizer vaccine is highly "effective at preventing COVID-19 in individuals who have not previously contracted COVID-19." *United States v. Toney*, No. 17-20184, 2021 WL 1175410, at *1 (E.D. Mich. Mar. 29, 2021) (collecting sources). Because Defendant is vaccinated against COVID-19, "his susceptibility to the disease is [not] 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)." *United States v. Smith*, No. 17-cr-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021). Indeed, Courts in the Eastern District of Michigan routinely refuse to find that a fully vaccinated prisoner has an extraordinary and compelling reason for release because of his or her fear of contracting COVID-19. *United States v. Collier*, No. 15-cr-20774, 2021 WL 1560079, at *2 (E.D. Mich. Apr. 21, 2021) (Murphy, J.) (collecting

cases). On that basis, the Court will deny the compassionate release motion because Defendant has shown no extraordinary and compelling reasons for his release.

**WHEREFORE**, it is hereby **ORDERED** that the request for compassionate release [871] is **DENIED**.

**SO ORDERED.**

                                      s/ Stephen J. Murphy, III
                                      STEPHEN J. MURPHY, III
                                      United States District Judge

Dated: July 16, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 16, 2021, by electronic and/or ordinary mail.

                                        s/ David P. Parker
                                        Case Manager