UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

Case No. 2:12-cr-20052-06

HONORABLE STEPHEN J. MURPHY, III

v.

T-6 TOBIAS JOHN PROGE,

Defendant.

_____/

**OPINION AND ORDER**
**DENYING THIRD MOTION FOR COMPASSIONATE RELEASE [877]**

In the last fifteen months, Defendant Tobias John Proge has thrice moved for

compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). ECF 814;

871; 877. Each time, Defendant has suggested that he is at high-risk of suffering from

severe illness if he contracted COVID-19. ECF 814, PgID 12053; ECF 871, PgID

12914; ECF 877, PgID 13013.

The Court denied the first motion because "Defendant ha[d] not demonstrated

that extraordinary and compelling reasons exist to warrant his release." ECF 825,

PgID 12243. The Court denied the second motion because "Defendant is fully

vaccinated against the COVID-19 virus" and thus "Defendant ha[d] shown no

extraordinary and compelling reasons for his release." ECF 875, PgID 12961–62.[1] The

---

[1] Defendant pointed out that the Court denied the second motion "before [Defendant] filed his rebuttal to [the] [G]overnment's opposition." ECF 877, PgID 13010. That is true; Defendant did not timely reply to the Government's brief under Local Rule 7.1(e)(1)(B) and Local Criminal Rule 12.1(b). ECF 876, PgID 12990 (certificate of service dated July 21, 2021).

1

Court will deny the third motion for the same reasons. Because the present motion repeated Defendant's earlier unfounded COVID-19 concerns, the Court will not require the Government to respond or hold a hearing. *See* E.D. Mich. L.R. 7.1(f)(2).

The only new COVID-19 concern asserted in the present motion is Defendant's argument that he would suffer severe illness if he contracted the Delta variant. ECF 877, PgID 13015–17, 13021–22, 13024–25. But concerns about the Delta variant do not create an extraordinary or compelling reason for release.

As the Court explained in the second compassionate release denial:

> An extraordinary and compelling reason for compassionate release is one that is beyond what is common, and the forcefulness of the evidence tends to convince the Court to release the inmate. Put another way, an extraordinary and compelling reason is one that is beyond what is usual, customary, regular, or common, and is so great that irreparable harm or injustice would result if the relief is not granted.

ECF 875, PgID 12961 (citing *United States v. Powell*, No. 2:12-cr-20052-2, 2021 WL 613233, at *2 (E.D. Mich. Feb. 17, 2021) (Murphy, J.) (cleaned up)).

Nothing about the Delta variant changes the fact that Defendant's "vaccination status renders his fear of COVID-19 a non-compelling reason to grant him release." *United States v. Wilson*, No. 16-20081, 2021 WL 3417917, at *3 (E.D. Mich. Aug. 5, 2021) (rejecting a prisoner's Delta variant concerns); *see also United States v. Jackson*, No. 11-20493, 2021 WL 3417910, at *3 (E.D. Mich. Aug. 5, 2021) ("[T]he Court will not grant [Defendant] release based on his alleged fear of variants.").

Based on the Court's research, only one court in the Eastern District of Michigan has granted compassionate release to a vaccinated prisoner because of, in part, studies about the Delta variant. *United States v. Sherrod*, No. 19-20139, 2021

WL 3473236, at *4-5 (E.D. Mich. Aug. 6, 2021) (Tarnow, J.). But no studies about the Delta variant change the fact that "[t]he COVID-19 vaccines authorized in the United States are highly effective at preventing severe disease and death, including against the Delta variant." Centers for Disease Control and Prevention, *Delta Variant: What We Know About the Science* (Aug. 19, 2021), https://bit.ly/3jhomVI [https://perma.cc/5677-BVRZ]. Because Defendant is fully vaccinated, his "fears of severe illness from variants [are] non-compelling." *Wilson*, 2021 WL 3417917, at *3; ECF 874-1, PgID 12958.

Defendant advanced one last reason for compassionate release, which the Court will reject as improper. Defendant alleged that he suffered from ineffective assistance of counsel during his prosecution and is actually innocent of his crime, despite pleading guilty. ECF 877, PgID 13027–36; ECF 458, PgID 3673 (criminal judgment). Put another way, Defendant's last reason is best understood as a motion to vacate under 28 U.S.C. § 2255. But a federal prisoner cannot raise claims to vacate a sentence under § 2255 in a motion for compassionate release. *United States v. Jones*, No. 13-20669, 2021 WL 2012783, at *2 (E.D. Mich. May 20, 2021) (Cleland, J.).[2] Beyond that, if Defendant intended to raise a motion to vacate his sentence under 28 U.S.C. § 2241 based on actual innocence, the Court lacks jurisdiction to consider it because Defendant is incarcerated in West Virginia. ECF 877, PgID 13041; *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) ("[C]laims seeking to challenge the

---

[2] The Court will pass over the fact that any § 2255 claims would be time-barred under 28 U.S.C. § 2255(f).

execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241."). Either way, Defendant's new reason for release is improperly raised before the Court in a compassionate release motion. The Court will therefore deny the compassionate release motion.

Given the denial, the Court will also deny as moot the pending motions to order the Bureau of Prisons to provide Defendant's medical records to the Court and for the Court to appoint counsel. ECF 877, PgID 13059–60, 13063–64.

**WHEREFORE**, it is hereby **ORDERED** that the motion for compassionate release [877] is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 30, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 30, 2021, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager